UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 18-cr-20085
                                        District Judge Paul D. Borman

DAVID ALLEN-D-4,

    Defendant.
_____/

## ORDER DENYING DEFENDANT ALLEN'S MOTION TO DISMISS BASED UPON SIXTH AMENDMENT SPEEDY TRIAL VIOLATIONS AND SPEEDY TRIAL ACT VIOLATIONS

### BACKGROUND

On November 15, 2021, Defendant David Allen filed a Motion to Dismiss alleging violations of the Sixth Amendment right to a speedy and public trial, and the Speedy Trial Act, 18 U.S.C. § 3161, et seq. (ECF No. 288, PageID.1492.) That Motion was subsequently joined in by Co-Defendant Michael Davis. (ECF No. 298, December 10, 2021.)

Allen contends that the extensive delay in proceeding to trial prejudiced his right to a speedy trial, and that the "systemic breakdown in the criminal justice system largely due to the [COVID-19] pandemic must be charged to the government." (ECF No. 288, at PageID.1495.) Defendant Allen relies on the district court decision in *United States v. Henning*, 513 F.Supp.3d 1193 (C.D. CA, 2021), where a Central District of California District Judge dismissed the

1

indictment with prejudice, holding that his Chief Judge, in indefinitely suspending jury trials due to the COVID-19 emergency, acted to improperly suspend the constitutional right of that defendant to a public and speedy trial. (ECF No. 288, at PageID.1508, 1509-1511.) The *Henning* opinion noted that the trial at issue, involving just one defendant, was a retrial, and that the "retrial was not complex. To the contrary, it is quite simple and straightforward." *Henning*, at 1208. The instant case is a complex murder-for-hire case that initially involved four Defendants facing possible death penalty verdicts, and multiple complex defense motions.

*Henning*, which appears to be an outlier, is on appeal by the Government to the United States Court of Appeals for the Ninth Circuit.

## DISCUSSION

### Speedy Trial Act, 18 U.S.C. § 3161, et seq.

On August 5, 2021, this Court entered a Stipulation and Order Excluding Delay in Computing Time Under the Speedy Trial Act, in which all the parties agreed "that the time in which trial must commence under the Speedy Trial Act should be extended from August 2, 2021 to February 1, 2022, such that th[at] period of time…is excluded in computing the time in which trial must commence." (ECF No. 277, at PageID.1221.):

> Such delay is excludable as the ends of justice served by granting the adjournment outweigh the best interest of

2

> the public and the defendant in a speedy trial as it is the public's and the defendant's best interest to allow counsel for defendants reasonable time for effective preparation, taking into consideration counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B); *see also*, *United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam).

That Stipulation and Order, a continuation of previous Orders, was signed by counsel for all four then-Defendants. (*Id.* at PageID.1222.) This Court had previously found that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this case was both unusual and complex, due to the nature of the prosecution, and that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by this section. § 3161(h)(7)(i) and (ii). Specifically, this Stipulation and Order was signed with consent, by Jeffrey Edison, counsel to D-4 David Allen, and Harold Gurewitz, counsel to D-2 Michael Davis.

**The Sixth Amendment right to a speedy and public trial**

Defendants' claim relating to a violation of the constitutional right to a speedy trial is based upon the Sixth Amendment: "In all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial." This constitutional right is discussed in the seminal Supreme Court decision in *Barker v. Wingo*, 92 S. Ct. 2182 (1972). This Court finds that proceedings in this case do not violate that

3

constitutional right, for the reasons that follow. The four *Barker* factors that the trial judge must consider are:

(1)   Length of the delay.

The length in this case, pretrial, was extensive due to the charging indictment which permitted the Government to seek the death penalty for all four Defendants. In this case, the Defendants' initial focus was on development of mitigation material to provide the Department of Justice with compelling evidence to <u>not</u> seek the death penalty. The mitigation phase of a prosecution permitting the Federal Government to seek the death penalty requires the Court to appoint learned defense counsel to assist local counsel in Michigan in developing and presenting evidence to convince the DOJ to decline to seek the death penalty. Because Michigan law does not permit the imposition of the death penalty, the Court was required to appoint four out-of-state attorneys, learned in death penalty prosecutions, to assist local counsel in this critical "mitigation" stage. To reiterate, at this stage, all counsel concentrated on developing mitigation evidence to convince the Government to not seek the death penalty based upon, *inter alia*, the backgrounds and experiences of the Defendants from the time of their birth, to the present--critical mitigating facts to be forwarded to the Justice Department, which has the final decision on whether to seek the death penalty.

Throughout this process, from the initiation of this prosecution, the Defendants stipulated to the initial delays, and then, to all of the subsequent delays as waivers under the Speedy Trial Act, caused by the litigation and the COVID-19 pandemic which severely impacted the court system, creating lengthy closure of the courts and limiting reopening of the courts to the public in non-jury trial proceedings, up to the latest reopening to provide limited criminal jury trial proceedings involving no more than two defendants. (This case started with four Defendants, and very recently, in the last two weeks, has it been reduced to a two Defendant trial.) The COVID-19 pandemic also restricted/prevented counsel from consulting with their incarcerated clients, often in institutions with quarantines and lockdowns.

(2)  Reason for the delay.

The Court notes that there has been a significant amount of excludable delay caused by Defendants' filing of pretrial motions, evidentiary hearings, and the resulting Court opinions, all of which are excludable delay per, 18 U.S.C. § 3161(h)(1)(D). None of this delay is attributable to the Government.

Time and again, the stipulations for extending time under the Speedy Trial Act have set forth difficulties under the COVID-19 pandemic involving the viability of counsel to meet with their incarcerated clients, including COVID-19 restrictions resulting in prison and court and state-imposed shutdowns/quarantines,

5

and their impact on the general public--and in particular, prosecutors, defense counsel, and witnesses in preparing the cases for hearings and trial, and with regard to securing jurors for trial.

The initial and continuing closure of the Federal Courthouse based on court orders due to COVID-19 concerns has had a significant impact on the progress of this case.

(3) Defendant's assertion of his right.

Defendants through their counsel did not vigorously assert their right to speedy trial in the face of the COVID-19 pandemic. Although Defendant Allen did not agree to the stipulations for adjournments, his counsel did agree, and the Court's finding of justification for this delay under 18 U.S.C. § 3167(h) (7)(A) and (B), clearly supports the necessary delay stipulated to by all defense counsel and ordered by the Court, finding that failure to grant such a continuance would result in a miscarriage of justice (3161(h)(7)(B)(i)), and that it would have been unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by 18 U.S.C. § 3161(h). All of these reasons, over the years, culminated in the Stipulation and Order Excluding Delay in Computing Time Under the Speedy Trial Act entered August 5, 2021 extending to February 1, 2022, the trial date. (ECF No. 277.)

(4) Prejudice to Defendant.

There is no prejudice to Defendants from the delay other than a generalized assertion that excessive delay compromises the reliability of the trial. The Court does not find support for this generalized assertion in this case.

The Court finds that this delay was neither caused by bad faith nor negligence by the Government, and that the Government did not cause or facilitate the COVID-19 pandemic.

The Court further finds the Court's orders during the COVID-19 pandemic proper. The Court has been operating under its Administrative Order No. 20-AO-39, which explicitly excludes delay under 18 U.S.C. § 3161(h)(7)(A) from July 2020, until further Order of the Court. The opinion attaches the Court's November, 2021 Criminal Jury Trial Readiness form that permitted the reopening, limited to two-defendant criminal jury trials. (Attachment.)

Accordingly, the Court DENIES Defendants' Motion to Dismiss based upon claimed violations of the Sixth Amendment right to a speedy and public trial, and the Speedy Trial Act.

SO ORDERED.

DATED: December 16, 2021

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

# Criminal Jury Trial Readiness Checklist
## Single and Two Defendant Cases Only

Assigned Judge _____    Priority No. _____

USA v. _____    Case No.: _____

Offense(s):_____

☐ Custody, how long _____    ☐ Bond    Tentative Trial Date: _____

AUSA Name: _____    Telephone Number: _____

D/Atty Name: _____    Telephone Number: _____

Number of Prosecution Witnesses: _____    Number of Witnesses in Custody: _____

Number of Defense Witnesses: _____    Number of Witnesses in Custody: _____

Number of Days to Try the Case: _____    Number of Jurors Needed: _____

Interpreter Needed? ☐ No  ☐ Yes   If yes, what language: _____  Deft or Witness: _____

Does the victim or defendant's family wish to attend?  ☐ No   ☐ Yes    If yes, how many: _____

**The trial judge must verify the following before the case may be submitted to the Jury Trial Prioritization Committee:**

☐ The parties have declined postponement of trial during the pandemic or have invoked the right to speedy trial;

☐ All attempts at plea/resolution have been exhausted;

☐ Option of a Waiver of Indictment was not offered by the Government;

☐ All Motions, including Motions in *Limine*, have been heard by the assigned Judge;

☐ Expert and lab reports are complete and have been disseminated to counsel and there are no *Daubert* issues;

☐ All issues regarding competency, if any, have been addressed;

☐ Witness lists for both parties have been exchanged and are attached; and

☐ All discovery and required information have been produced.

**Other considerations:** _____
_____
_____

**This Checklist must be sent to: jurytrial@mied.uscourts.gov in order to be considered for prioritization.**

Complete one readiness checklist for each of the four criminal cases to be prioritized for a single selection date. Do not include multiple prioritization forms in one email message. When submitting this checklist, the following information must be included in the subject line of each email message: (1) Case Number, (2) Case Name, and (3) Length of trial.

---
**Completed by the Prioritization Committee**

Prioritization Committee's Prioritization No.: _____

Rev. 11/2021